MEMORANDUM **
Amram Larviv, a native and citizen of Israel, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judges’s (“IJ”) decision denying his claim for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction *583 under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
Substantial evidence supports the agency’s determination that the treatment Larviv and his wife experienced in Israel did not amount to past persecution. See Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995) (“Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to ‘persecution.’ ”); see also Singh v. INS, 134 F.3d 962, 967 (9th Cir.1998) (“Petitioner must establish that the mistreatment she suffered was directed personally toward her, and that it was substantially more grievous in kind or degree than the general manifestation of hostility between the competing ethnic and religious groups in [the country].”). Substantial evidence also supports the agency’s conclusion that Larviv did not establish a well-founded fear of future persecution because, even if, as a Jewish person married to a person of mixed ethnicity, Larviv is a member of a disfavored group, he failed to demonstrate the requisite individualized risk of persecution, cf. Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004), and he has not shown a pattern or practice of persecution of individuals who have spouses of mixed ethnicity in Israel, see Lolong v. Gonzales, 484 F.3d 1173, 1180 (9th Cir.2007) (“petitioners alleging a pattern or practice of persecution by non-government actors [must] prove that the government is unable or unwilling to control those actors”); see also Ahmed v. Keisler, 504 F.3d 1183, 1198 (9th Cir.2007).
Because Larviv failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Fisher v. INS, 79 F.3d 955, 960-61 (9th Cir.1996) (en banc).
Larviv did not challenge the BIA’s decision with respect to his CAT claim, thereby waiving the issue on appeal. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in the opening brief are waived).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.